# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Sandra Gangluff, | Case No. 3:19CV521 |
| Plaintiff | |
| v. | **ORDER** |
| Kasper Toyota Scion, *et al.*, | |
| Defendants | |

This is a consumer case.

Plaintiff Sandra Gangluff alleges that defendant Kasper Toyota Scion (Kasper) sold her a car at an inflated price and that Kasper has similarly overcharged other customers. She further claims that Kasper and defendants National Warranty Administration Network, LLC and National Automotive Experts, LLC (collectively, National) breached National's lifetime warranty, which Kasper sold with her car.

Gangluff brings individual and class claims against Kasper under Ohio's consumer protection laws, Ohio Rev. Code. §§ 1345.01, *et seq.* She raises individual claims against Kasper for fraud and against all defendants for common-law breach of warranty and federal statutory breach of warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

Gangluff originally filed her complaint in the Erie County, Ohio Court of Common Pleas. (*See* Doc. 1-1). Defendants removed the complaint to this court. (*See* Doc 1).

Pending is Gangluff's motion to remand. (Doc. 6). For the reasons that follow, I grant the motion.

## Background

### I. Factual Allegations

On or about April 7, 2014, Gangluff bought a used 2011 Toyota Corolla from Kasper. (Doc. 1-1 at 6, ¶¶ 18, 20, 22). She paid $22,000, which, she claims, is $4,825 over the manufacturer's suggested retail price (MSRP) and $8,400 over the National Automobile Dealers Association's "clean retail value" for a similar vehicle "in clean, good condition." (*Id.* at 6, ¶¶ 22-25).

Gangluff's car came with National's "Warranty Forever!" lifetime warranty. (Doc. 1-1 at 7, ¶¶ 27, 31). She claims that Kasper told her that the car's purchase price included the warranty, but Kasper nonetheless charged her "for what should have been optional features, MVP Direct Maintenance ($662.00) and Gap Insurance ($650.00), which made the warranty anything but free." (*Id.* at ¶¶ 27-28).

Under the warranty, Gangluff was to have her car serviced at Kasper or "a pre-authorized repair facility[.]" (Doc. 1-1 at 7, ¶ 31 (citing warranty website) (internal quotations omitted)). She alleges, however, that Kasper "[o]ften . . . could not provide" her an oil change appointment, "resulting in a delay of service[,]" and, eventually, the car's transmission failed. (*Id.* at 7, ¶¶ 34, 36). According to Gangluff, "[d]efendants refused to honor the warranty without justification." (*Id.* at 7, ¶ 37).

Sometime after the transmission failure, "Gangluff was involved in an accident, resulting in a total loss of the" car. (Doc. 1-1 at 8, ¶ 38). But the gap insurance she purchased – which, she submits, should have ensured she bore no costs resulting from the accident – "did not cover the loss[,]" so she "pa[id] the balance owed[,]" which was "more than the [car] was worth." (*Id.* at 11, ¶ 40).

On February 5, 2019, Gangluff filed her "class action complaint" in the Erie County, Ohio Court of Common Pleas. (*See* Doc. 1-1). Defendants removed the case on March 8, 2019. (Doc. 1).

**Standard of Review**

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)).

**Discussion**

Defendants' notice of removal asserts federal question jurisdiction based on Gangluff's Magnuson-Moss Warranty Act (MMWA) claim. (Doc.1).

"The MMWA is a somewhat unique federal statute in that merely alleging a violation of the act is insufficient to confer federal question jurisdiction; a separate $50,000 amount in controversy requirement must also be satisfied." *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 757 (6th Cir. 2008) (citing 15 U.S.C. § 2310(d)(B)). Further, "if the action is brought as a class action," the complaint must name at least 100 plaintiffs. 15 U.S.C. § 2310(d)(3)(C).

Initially, Gangluff argued that I must remand her case because the complaint names less than 100 plaintiffs. (*See* Doc. 6). Defendants responded that the minimum-plaintiff requirement does not apply here and that Gangluff's complaint puts $50,000 in controversy. (*See* Doc. 8; Doc. 9). On reply, Gangluff argued that $50,000 is not in controversy because only her MMWA claim, exclusive of her state-law claims, factor in to the amount in controversy. (Doc. 10 at 2). I

3

subsequently granted the parties leave to brief the issue of whether I may consider Gangluff's state-law claims in determining the amount in controversy. (Text Order of 4/30/2019).

### I. The Amount in Controversy Requirement

Defendants argue that I should consider the damages Gangluff seeks for her state-law claims in assessing the amount in controversy. (*See* Doc. 13; Doc. 14). Gangluff responds that I may not do so. (*See* Doc. 15 at 3-5).

On review of the pleadings and the briefs, I need not resolve that question. Rather, because defendants have not met their burden to plead facts showing $50,000 is at issue, I must remand this case to the Erie County Court of Common Pleas.

The parties point to two Sixth Circuit cases, *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 885 (6th Cir. 2005) and *Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007), in debating whether Gangluff's state-law claims factor into the amount in controversy. But neither case resolves that issue.

In *Golden*, *supra*, 410 F.3d at 885, plaintiff raised an MMWA claim and state claims, seeking revocation of acceptance. The court held that, because the plaintiff requested that remedy, the amount in controversy was "the difference between the cost of a replacement vehicle . . . and the present value of the" allegedly defective vehicle, exclusive of finance charges. *Id.* at 884-85.

In *Harnden*, *supra*, 496 F.3d at 582, plaintiff brought an MMWA claim and state claims, including breach of contract. The *Harnden* court, like the *Golden* court, tied the amount in controversy to the remedy plaintiff sought; because the plaintiff in *Harnden* "request[ed] cancellation of his contract" as a remedy for his breach of contract claim, the court could "consider this state-law claim in computing whether the amount-in-controversy requirement is

met." *Id.* (citing 15 U.S.C. § 2310(d)(3)(B)). "What is truly in dispute[,]" the court explained, "is . . . the amount of [plaintiff's] contract, without offset." *Id.*

But neither case held that a court may – or may not – consider damages available under state law when assessing a complaint for MMWA's amount in controversy requirement. And district courts within this Circuit are split on that issue. *Compare*, *e.g.*, *Goodwin v. Nissan N. Am., Inc.*, 2013 WL 6827929 (M.D. Tenn.); *Dodd v. Chrysler Grp. LLC*, 2012 WL 1565640 (W.D. Tenn.); *Carver v. Gen. Motors LLC*, 2011 WL 734985 (M.D. Tenn.); *Schmerl v. Lexus*, 2005 U.S. Dist. LEXIS 13355 (W.D. Mich.) (not available on Westlaw) (all considering plaintiffs' state-law claims) *with Nero v. Maserati N. Am., Inc.*, 2017 WL 4124976 (N.D. Ohio) (Gaughn, C.J.) (noting that the parties "agree[d] . . . that the pendant state law claims cannot be used to satisfy the [MMWA's] jurisdictional requirement[]"); *Khoury v. Denney Motors Assocs., Inc.*, 2006 WL 1207906 (S.D. Ohio) (declining to consider state-law claims).

I need not determine who has the better view in that debate. Even assuming that I may consider the damages Gangluff seeks for her state-law claims, defendants have not "show[n] by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (internal citation omitted); *Halsey v. AGCO Corp.*, 755 Fed. App'x 524, 527 (6th Cir. 2018).

"The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. App'x 476, 478 (6th Cir. 2014) (quoting *Nat'l Nail Corp. v. Moore*, 139 F. Supp. 2d 848, 850 (W.D. Mich. 2001) (internal quotations and additional citation omitted); *see also Crimaldi v. Pitt Ohio Express, LLC*, 185 F. Supp. 3d 1004 (N.D. Ohio 2016) (Lioi, J.) (declining to find jurisdiction where defendant provided no facts quantifying

plaintiff's damages); *Nash v. Wells Fargo Bank, N.A.*, 2016 WL 9408991, *1 (N.D. Ohio) (Nugent, J.) (defendant's "conclusory statement" that $75,000 was in controversy did not support jurisdiction); *Peterson v. Toyota Motor Sales U.S.A., Inc.*, 2010 WL 3867068, *1-*2 (E.D. Mich).

Defendants' notice of removal does not allege that $50,000 is in controversy, much less provide facts supporting such an assertion. (Doc. 1). National attempts to cure this shortcoming in its opposition brief, arguing that, because Gangluff seeks "noneconomic damages and three times economic damages, including the cost of the Vehicle[,]" her claims "presumably exceed $50,000." (Doc. 9 at 2-3).

I cannot rely on National's brief to establish jurisdiction because it is not part of the pleadings. *See Mays v. City of Flint*, 871 F.3d 437, 446-47 (6th Cir. 2017); s*ee also Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333, 345 (6th Cir. 2013) (A party's "brief in opposition . . . is not part of the pleadings."). And, even if I could consider National's brief in assessing jurisdiction, its presumption that Gangluff's damages exceed $50,000 "does not suffice to carry [defendants'] burden of establishing federal jurisdiction by a preponderance of the evidence." *Bower v. Am. Cas. Co.*, 2001 U.S. App. LEXIS 18053 (6th Cir.) (not available on Westlaw).

In *Peterson*, *supra*, 2010 WL 3867068 at *1-*2, the court granted plaintiff's motion to remand where the notice of removal "merely allege[d] that the vehicle's purchase price, coupled with Plaintiff's seeking of 'unspecified' incidental and consequential damages, will bring the case above the $50,000 threshold." That conclusory allegation, the court explained, required it to assume that plaintiff's incidental and consequential damages and attorneys' fees would make up the difference between the purchase price and the jurisdictional threshold. *Id.* at *2.

Defendants likewise ask me to speculate about the value of Gangluff's claims.

A plaintiff raising claims under Ohio's consumer protection laws "may recover . . . three times the amount of the consumer's actual economic damages[,]" defined as the consumer's "direct, incidental, or consequential pecuniary losses[.]" Ohio Rev. Code. § 1345.09(B), (G). The plaintiff may also recover "an amount not exceeding five thousand dollars in noneconomic damages[.]" *Id.* at § 1345.09(B).

Because Gangluff has not sought incidental or consequential damages, her actual economic damages are her direct losses. She quantifies those losses in three alternative ways: 1) the amount Kasper charged in excess of the NADA clean value, $8,400; 2) the amount Kasper charged in excess of MSRP, $4,825; or 3) the purchase price of the car, $22,000. (*See* Doc. 1-1 at 6, 20 ¶ 25). Defendants do not state which, if any, of these calculations captures Gangluff's economic loss.

Only the third calculation, when trebled, satisfies the MMWA's $50,000 jurisdictional threshold.[1] The first and second calculations fall short by $24,800 and $35,525, respectively, and Gangluff's noneconomic damages and attorneys' fees must make up the difference. Section 1345.09(B) caps her noneconomic damages at $5,000. Assuming Gangluff can recover this maximum, her total potential damages still fall short of the MMWA requirement by $19,800 and $30,525, respectively. Gangluff, therefore, would have to prevail on her claims and incur attorneys' fees between $19,800 and $30,525 to meet the MMWA's amount in controversy requirement.

I cannot establish jurisdiction on such guesswork. *See Peterson*, *supra*, 2010 WL 3867068; *see also Strebler v. Morgan Stanley & Co., Inc.*, 2014 WL 4545932, *4 (N.D. Ohio) (Lioi, J.) (defendants failed to show minimum amount in controversy in part because they made no attempt

---

[1] The $22,000 purchase price trebled is $66,000.

to quantify plaintiff's attorneys' fees). Accordingly, defendants have not met their burden to show that at least $50,000 is in controversy.

## II. The Named Plaintiff Requirement

Gangluff also argues that I do not have jurisdiction over her claims because her class complaint (Doc. 1) names one plaintiff, which is insufficient to establish jurisdiction under 15 U.S.C. § 2310(d)(3)(C). (Doc.6 at 3). Defendants counter that subsection (C) does not apply because Gangluff's MMWA claim is an individual, not a class, claim. (Doc. 8 at 1; Doc. 9 at 3).

Section 2310(d)(3)(C) applies if Gangluff's complaint is an "action . . . brought as a class action[.]" The statute does not specify whether an "action" includes the entire case or the MMWA claims only.

But that distinction does not matter here. If §2310(d)(3)(C) does not include Gangluff's individual MMWA claim, jurisdiction is still lacking for the reasons stated above. And if the statute covers Gangluff's entire case, jurisdiction fails for the additional reason that the complaint names less than 100 plaintiffs.

## Conclusion

It is, therefore,

ORDERED THAT

1. Plaintiff Sandra Gangluff's motion to remand (Doc. 6) be, and the same hereby is, granted; and

2. This case be remanded to the Court of Common Pleas, Erie County, Ohio.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge